**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

JULIO CESAR MARTINEZ-RIVERA          CIVIL ACTION NO. 26-1699

VERSUS                               JUDGE S. MAURICE HICKS, JR.

MELISSA B. HARPER, ET AL.            MAGISTRATE JUDGE MCCLUSKY

**MEMORANDUM ORDER**

Before the Court is an Emergency Ex Parte Motion for a Temporary Restraining Order and Stay of Removal (Record Document 2) filed on May 21, 2026 by Petitioner Julio Cesar Martinez-Rivera ("Petitioner").  As part of the emergency motion, Petitioner seems an order to show cause why a preliminary injunction should not issue.  See id. Petitioner's Habeas Petition (Record Document 1) is also currently pending before this Court.

Petitioner is a citizen of El Salvador.  See Record Document 2-1 at 18-19.  He has lived in the United States since April 8, 2006.  See id. at 4.  His application for asylum was denied in 2014.  See id.  The Board of Immigrations Appeals entered a final order of removal in 2015.  See id. at 34.  The United States Court of Appeals for the Ninth Circuit denied review in 2022.  See id. at 40-48.  On May 7, 2026, Immigration and Customs Enforcement detained Petitioner at a routine check-in.  See id. at 4.  He was held in custody at the Winn Correctional Center in Winnfield, Louisiana.  See id.  Petitioner submits that on May 21, 2026, Respondents attempted to place him on a deportation flight, but the plane was full and he was removed from the aircraft.  See Record Document 2-1 at 171.  He filed the instant emergency motion on May 21, 2026 because he was informed that he would be deported/removed to El Salvador on May 22, 2026.  At

approximately 10:00 a.m. on May 22, 2026, the Court was informed by counsel for the Petitioner, Gita Kapur, that Petitioner had been removed to El Salvador.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal court jurisdiction, to 'Cases' and 'Controversies.'" U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id.

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. See Merlan v. Holder, 667 F.3d 538 (5th Cir. 2011) (per curiam); Dien Thanh Ngo v. Johnson, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases),recommendation adopted, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Petitioner has been deported and his request for emergency relief and habeas relied are now moot. Accordingly, Petitioner's Emergency Ex Parte Motion for a Temporary Restraining Order and Stay of Removal (Record Document 2) and his Habeas

Petition (Record Document 1) are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

      **IT IS SO ORDERED.**

      **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of May, 2026.

                        _____
                              S. MAURICE HICKS, JR.
                   UNITED STATES DISTRICT JUDGE